UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAFUMBA LASSANA SANOE,
Plaintiff,

v.

PHOENIX PROCESSOR LIMITED PARTNERSHIP,
Defendant.

CASE NO. 2:26-cv-03172-TL

ORDER ON REQUEST FOR SERVICE BY THE UNITES STATES MARSHAL

This matter is before the Court on Plaintiff's Request for Service by United States Marshal. Dkt. No. 9. For the reasons explained below, the Court DENIES the motion without prejudice. The Court will consider a renewed motion that includes sufficient information to allow the Court or the Unites States Marshals Service ("USMS") to complete service on Defendants.

//

//

//

Plaintiff is proceeding in this matter pro se and *in forma pauperis* ("IFP"). Dkt. No. 5 (Order Granting Leave to Proceed IFP). A summons was issued on October 8, 2026. Dkt. No. 8. The Federal Rule of Civil Procedure provide:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3) (emphasis added). 28 U.S.C. § 1915, which authorizes litigants to proceed *in forma pauperis* in federal court, also provides, "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C.§ 1915(d). The Ninth Circuit has held that, read together, these provisions require an IFP plaintiff to request service of process by court officers in order for court officers to be responsible for effecting such service. *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (holding that IFP plaintiff failed to timely serve complaint where he had not requested court-assisted service); *see also Eriksen v. Wash. State Patrol*, 308 F. App'x 199, 200 (9th Cir. 2009) (affirming dismissal for failure to timely serve where plaintiffs failed to request service by marshals).

Because Plaintiff was granted leave to proceed in forma pauperis, Plaintiff is entitled to rely on the United States Marshals Service and/or the Court for service on Defendant of the summons and complaint. However, this entitlement is contingent on Plaintiff's "having provided the necessary information to help effectuate service . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Here, Defendant appears to be a corporation, partnership, or association, and thus cannot be served directly. Rather, service must be made on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in another manner authorized by Federal Rule of Civil Procedure 4(h). Plaintiff has provided an address for Defendant as part of the summons, but he has not identified any

individual or individuals who can receive service on behalf of Defendant, whether at the provided addresses or elsewhere. Therefore, Plaintiff has not supplied enough information for Court or USMS to effectuate proper service on Defendant. Although the Court and the Marshals are required to assist Plaintiff with service, it is Plaintiff who must identify the individual(s) to be served (not simply the defendant company he has sued) and the address at which they can be found. Ordering service based on the limited information the Court presently has would risk prejudicing Plaintiff with inadequate service of his summons and complaint.

Accordingly, the Court hereby DENIES the Motion for Service of Process by United States Marshal and for Extension of Time to Complete Service (Dkt. No. 7), and ORDERS:

(1) Plaintiff's request for service by the U.S. Marshal Service is DENIED WITHOUT PREJUDICE. Should Plaintiff continue to request the Court's assistance with service, Plaintiff SHALL file a proper and timely renewed motion for USMS service that provides sufficient information for Defendant to be properly served, including the name and service address of one or more individuals authorized to accept service on behalf of Defendant. Plaintiff may provide the necessary information *either* in the renewed motion for USMS service itself *or* by requesting an amended summons that includes the name and address of the individual to be served.

(2) Plaintiff is ENCOURAGED to file any renewed motion for USMS service motion at his earliest convenience to allow sufficient time for service to be completed.

Dated this 22nd day of October, 2026.

Tana Lin
United States District Judge